UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERNICE CLARK HOLMES,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civ. No. 17-2160 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Vernice Clark Holmes, a former prisoner at Bayside State Prison ("BSP"), filed a civil rights complaint arising out an incident in which he was allegedly assaulted by corrections officers and subsequently denied medical care. Currently pending before this Court is the State of New Jersey, the Department of Corrections ("DOC"), Bayside State Prison ("BSP"), and BSP administrator John Powell's (collectively "defendants") motion to dismiss the complaint pursuant to Rule 12(b)(6) and plaintiff's cross-motion to amend the complaint. For the following reasons, the motion to dismiss will be granted. The cross-motion to amend is denied.

## II. BACKGROUND

The Court recites the facts in the light most favorable to plaintiff. In the original complaint, Mr. Holmes alleged he was assaulted by an unidentified corrections officer on October 15, 2015 while he was incarcerated at BSP. The officer conducted a search prior to recreation time and grabbed Mr. Holmes' buttocks and genitals. After plaintiff objected to the contact, the officer kicked Mr. Holmes and punched him in the face. Other officers responded to

the scene and proceeded to assault Mr. Holmes. Plaintiff alleges he sustained injuries from which he continues to suffer, as well as permanent physical and psychological trauma.

Mr. Holmes filed the complaint alleging excessive force, denial of medical care, as well as failure to train and supervise by defendants. He alleges there were policies and practices regarding the covering up of misconduct by corrections officers. Defendants have now moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Mr. Holmes thereafter filed a cross-motion to amend his complaint and a proposed amended complaint.

The proposed amended complaint adds additional parties, including some of the officers who allegedly assaulted Mr. Holmes, adds facts regarding Mr. Holmes' mother's actions after the incident, and makes allegations regarding a history of inmate abuse and lawsuits at BSP. Mr. Holmes did not otherwise respond to the motion to dismiss. Defendants ask the Court to strike the cross-motion to amend as procedurally improper and to consider the motion to dismiss as unopposed.

### III.  LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

## IV. DISCUSSION

The original complaint alleges defendants are liable to Mr. Holmes because their failure "to provide training and/or supervision regarding the lawful use of force amounts to a deliberate indifference to the safety and lives of the persons incarcerated at Bayside State Prison." He further alleges defendants "knowingly failed to enforce the laws and the rules and regulations . . .

pertaining to the use of force by the corrections officer, thereby creating an atmosphere of lawlessness in which correction officers employ excessive and illegal force in the belief that such acts will be condoned and justified by their superiors." Mr. Holmes asserts defendants "implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing corrections officers . . . to confront inmates without any reasonable training in when to use force in effecting control of situations . . . ." He also alleges defendants acted with deliberate indifference in hiring and training their employees.

All of the federal claims premised on 42 U.S.C. § 1983 in the original complaint must be dismissed as to the State of New Jersey, the Department of Corrections, and Mr. Powell in his official capacity[1] because they are entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Plaintiff may not bring a suit against the State or one of its agencies in federal court unless Congress has expressly abrogated New Jersey's sovereign immunity or the State has consented to being sued in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Neither exception applies here as there is no indication New Jersey has consented to be sued, nor has Congress abrogated sovereign immunity in enacting § 1983. *See Gromek v. Maenza*, 614 F. App'x 42, 44 (3d Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Furthermore, BSP is not a "person" subject to suit under § 1983. *See Crawford v. McMillian*, 660 F. App'x

---

[1] "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71. Mr. Holmes specifically stated all claims were brought against Mr. Powell in Mr. Powell's official capacity.

113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983."). The federal claims as stated in the original complaint against defendants are therefore subject to dismissal.

Any state law claims must also be dismissed. To the extent the complaint raises claims under the New Jersey Civil Rights Act ("NJCRA"), New Jersey federal and state courts have concluded the State, its agencies, and state officials in their official capacities are not "persons" within the meaning of the NJCRA and are immune from suit. *See Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 444 (D.N.J. 2011); *Brown v. State*, 124 A.3d 243, 255–56 (N.J. Super. Ct. App. Div. 2015) ("Given that the Legislature did not choose to include an express waiver of sovereign immunity in the Civil Rights Act and that the State enjoys immunity under the analogous § 1983, we conclude that the State is immune from a suit for damages under the Civil Rights Act."), *rev'd on other grounds*, 165 A.3d 735 (N.J. 2017). Finally, any liability for the assault under the New Jersey Tort Claims Act ("NJTCA") is barred as a matter of state law. Accepting the facts in the complaint as true, the attack on Mr. Holmes was an intentional tort. "[T]here can be no vicarious liability by a public entity for intentional torts committed by its employees; that is, with respect to such intentional torts, the theory of respondeat superior does not apply." *Hoag v. Brown*, 935 A.2d 1218, 1230 (N.J. Super. Ct. App. Div. 2007) (citations omitted); *accord Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 767 (D.N.J. 2016). The original complaint fails to state a claim against defendants, and the Court will grant the motion to dismiss.

Mr. Holmes' cross-motion and proposed amended complaint, in addition to being procedurally improper, *see* Local Civ. R. 7.1(h), do not address the deficiencies of the original complaint. The addition of further facts regarding an alleged history of assault on BSP inmates

and the invocation of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), cannot cure the legal deficiency of being unable to sue the State of New Jersey in federal court under § 1983. *Monell* stands for the proposition that municipalities and other local government units are "persons" within the meaning of § 1983. *Monell* does not take precedence over the Eleventh Amendment.

The proposed amended complaint is also subject to dismissal because it fails to indicate whether Mr. Holmes provided notice to the State under the NJTCA. *See* N.J. STAT. ANN. § 59:8-3. The NJTCA requires plaintiffs to file a notice of tort claim with the public entity being sued within 90 days of the incident and to wait for a response *before* filing a lawsuit. The notice requirement applies to common law intentional tort claims as well as negligent conduct. *Velez v. City of Jersey City*, 850 A.2d 1238 (N.J. 2004). Suits that do not comply with the notice provision are subject to dismissal. N.J. STAT. ANN. § 59:8-8; *see also Sinclair v. Dunagan*, 905 F. Supp. 208, 212 (D.N.J.1995) (Failure to provide notice within the statutory ninety day window is a ground for dismissal with prejudice). The notice requirement is "a jurisdictional precondition to filing suit." *Ptaszynski v. Uwaneme*, 853 A.2d 288, 294 (N.J. Super. Ct. App. Div. 2004) (internal quotation marks omitted). Mr. Holmes has not stated that he complied with the requirements of the NJTCA by filing a notice containing the required information with the appropriate agency within the 90-day time frame. *See* N.J. STAT. ANN. § 59:8-4. He therefore has not sufficiently pled this Court's jurisdiction over his state tort claims; thus, the proposed amended complaint is subject to dismissal. The Court finds that amendment would be futile and denies the motion to amend.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss will be granted. The cross-motion to amend is denied.

An appropriate order will be entered.


DATED: November 28, 2017

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge