UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VERNICE CLARK HOLMES,

    Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

    Defendants.

Civ. No. 17-2160 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff Vernice Clark Holmes, a former prisoner at Bayside State Prison ("BSP"), moves for reconsideration of this Court's order dismissing his complaint without prejudice. For the following reasons, the motion is denied.

## II.    BACKGROUND

In the original complaint filed on March 30, 2017, Mr. Holmes alleged he was assaulted by an unidentified corrections officer on October 15, 2015 while he was incarcerated at BSP. According to the complaint, the officer conducted a search prior to recreation time and grabbed Mr. Holmes' buttocks and genitals. The officer kicked Mr. Holmes and punched him in the face after plaintiff objected to the contact. Other officers responded to the scene and proceeded to assault Mr. Holmes. Plaintiff alleged he sustained injuries from which he continues to suffer, as well as permanent physical and psychological trauma.

Mr. Holmes' complaint raised claims of excessive force, denial of medical care, as well as constitutional claims of failure to train and supervise by defendants. He also alleged there were policies and practices regarding the covering up of misconduct by corrections officers.

Defendants State of New Jersey, New Jersey Department of Corrections, Bayside State Prison, and John Powell in his official capacity as BSP Administrator, moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on May 11, 2017. Mr. Holmes responded by submitting a document captioned as a cross-motion to amend his complaint and a proposed amended complaint, although it did not comply with the Local Rules governing cross-motions.

On November 30, 2017, the Court granted the motion to dismiss and denied the cross-motion to amend. Mr. Holmes filed the instant motion for reconsideration on December 11, 2017. Defendants subsequently filed opposition to the motion.

### III. LEGAL STANDARD

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

## IV. DISCUSSION

Mr. Holmes argues the Court erred in dismissing his New Jersey Tort Claims Act ("NJTCA") claims. He states Defendants did not raise this argument in their motion papers and that he did in fact file a tort claims notice. He therefore asks the Court to reopen the matter so he can file an amended complaint. Defendants oppose the motion by arguing the Court found that they were immune to the state tort claims.[1]

Contrary to Mr. Holmes' argument, the Court did not deny the cross-motion to amend because he failed to comply with the notice provisions of the NJTCA. The Court denied the cross-motion because Mr. Holmes failed to allege in the proposed amended complaint that he complied with the notice provisions of the NJTCA. Whether he in fact complied with the requirement was not at issue; he failed to put that fact in his complaint. The Court therefore could not assure itself of its jurisdiction over the NJTCA claims on the face of the proposed amended complaint. Courts in this District have consistently dismissed NJTCA claims when plaintiffs failed to allege compliance with the notice provision in the complaint. *See, e.g., Baker v. Camarillo*, No. 17-12095, 2018 WL 1203473, at *4 (D.N.J. Mar. 8, 2018); *Baker v. Fishman*, No. 14-7583, 2017 WL 2873381, at *3 (D.N.J. July 5, 2017); *Abulkhair v. Office of Attorney Ethics New Jersey*, No. 16-03767, 2017 WL 2268322, at *9-10 (D.N.J. May 24, 2017); *Bethea v. Roizman*, No. 11–254, 2012 WL 2500592, at *7 (D.N.J. June 27, 2012). *See also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain ... the grounds for the court's jurisdiction[.]"). Nothing prevented Mr. Holmes from filing an amended complaint containing

---

[1] The Court is compelled to note that Defendants' argument misstates the Court's opinion. The only NJTCA claims raised against Defendants in the original complaint were intentional torts, intentional infliction of emotional distress and assault and battery. The Court's finding of immunity was limited to the intentional torts alleged in the original complaint; the Court made no findings as to the Defendants' immunity from NJTCA claims raised in the proposed amended complaint.

the notice of tort claim instead of this motion for reconsideration after the Court dismissed the complaint without prejudice.

Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). Mr. Holmes did not include the relevant facts in his complaint; the Court cannot have overlooked something that was not there. The Court will deny the motion for reconsideration because Mr. Holmes has not met the high standard for relief. He may move to amend his complaint within 21 days of this Opinion and Order, subject to any available defenses under the Federal Rules, at which time the Court will reopen the matter.

## V. CONCLUSION

For the foregoing reasons, the motion for reconsideration is denied. An appropriate order will be entered.


DATED: March 14, 2018                                s/Robert B. Kugler
                                                                  ROBERT B. KUGLER
                                                                  United States District Judge